*1163 McHUGH, Circuit Judge,
concurring:
I join the majority’s well-reasoned analysis in most respects, and concur in its holding that Mr. Eizember is not entitled to habeas relief. I write separately to note my disagreement with the majority’s conclusion that the OCCA applied the correct legal standard in evaluating Mr. Eiz-ember’s claim that Juror D.B. was biased.
In my view, the dissent is correct that the OCCA’s opinion reflects its continuing erroneous belief that a juror may withstand a challenge for cause unless she is “irrevocably committed” to any one punishment option. See Eizember v. State, 164 P.3d 208, 225-26 (Okla.Crim.App.2007) (“To withstand a challenge for cause concerning punishment issues, a venireperson need only be willing to consider all the penalties provided by law and not be irrevocably committed to any one punishment option before the trial has begun.” (emphasis added)). This is no longer a correct statement of the law under Wainwright v. Witt, 469 U.S. 412, 421-26, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). And contrary to OCCA authority suggesting otherwise, the “irrevocably committed” standard is not “[essentially ... the same” as the “substantially impaired” standard articulated in Witt. See Carter v. State, 879 P.2d 1234, 1243-44 (Okla.Crim.App.1994).
Despite the OCCA’s apparent confusion about the continuing utility of the “irrevocably committed” standard, I join in the majority’s conclusion that Mr. Eizember is not entitled to habeas relief for two reasons. First, as the majority opinion explains, Mr. Eizember forfeited any argument that the OCCA applied the incorrect legal standard. He did not fairly raise this issue in the trial court, on direct appeal, during his postconviction proceedings, or in the briefing to this court. Unlike the dissent, I do not read Mr. Eizember’s federal habeas petition as fairly asserting a challenge to the OCCA’s use of the “irrevocably committed” standard. See Dist. Ct. Dkt. 24 at 30-38. Although Mr. Eiz-ember set forth the general legal standard by explaining that 28 U.S.C. § 2254(d)(1), permits federal habeas relief if a state court’s decision is “contrary to” law or “an unreasonable application” of that law, he based his claim for relief solely on the “unreasonable application” prong. It is apparent the district court did not understand Mr. Eizember to be challenging the legal standard applied by the OCCA, because it never addressed the “contrary to law” prong of § 2254(d)(1) in its decision. Indeed, the district court applied AEDPA deference to the OCCA’s conclusions, upon the assumption — unchallenged by Mr. Eiz-ember — that the OCCA applied the correct legal standard. See Dist. Ct. Dkt. 44 at 19-21. Finally, the dissent identifies two sentences from Mr. Eizember’s appellate brief that can be read to assert the OCCA did not apply the correct standard. Aplt. Br. at 28. But Mr. Eizember wholly fails to support that passing assertion with any argument or citation to supporting authority. This single unsupported statement in an eighty-page brief is insufficient to place the question fairly before us or the respondent.[14] In short, although the dissent has done a masterful job of constructing this argument on behalf of Mr. Eizember at this advanced stage of his legal saga, it is forfeited.
Second, even if we were to exercise our discretion to consider the issue despite Mr. Eizember’s forfeiture, as urged by the dis *1164 sent, I would reach the same conclusion with respect to Mr. Eizember’s petition for relief. Where the OCCA has applied an incorrect legal standard, we are required to review its decision de novo, without affording deference to the OCCA’s decision. Here, we must determine whether Juror D.B. was “substantially impaired,” but we do so constrained by the significant deference afforded trial court decisions regarding juror bias. See Witt, 469 U.S. at 426, 105 S.Ct. 844 (explaining that “deference must be paid to the trial judge who sees and hears the juror”). As the majority opinion highlights, the Supreme Court has instructed that “where the record does not indicate the standard applied by a state trial judge, he is presumed to have applied the correct one,” id. at 431, 105 S.Ct. 844, and if the record is ambiguous, we defer to the credibility determination made by the trial judge after extensive voir dire. Maj. Op. at 1143 & n. 5. The dissent infers from the trial court record that the trial judge applied the wrong standard in striking jurors for cause; I read that record as being silent on the standard applied by the trial court. Accordingly, I am bound by controlling authority to defer to the trial court’s assessment of Juror D.B.’s fitness to serve and, therefore, to deny Mr. Eizember the relief he requests.

. The dissent notes the respondent has never raised a forfeiture argument before this court. Dissent at 1161. This is true. In fact, the respondent, like the district court, never addressed the issue of whether the OCCA applied the correct standard at all. In my view, this merely reflects that fact that Mr. Eizem-ber never fairly raised this issue.